# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-201V
Filed: January 13, 2016
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
MARILYN AKYUZ,                        *
                                      *
              Petitioner,             *
      v.                              *
                                      *     Attorneys' Fees and Costs;
SECRETARY OF HEALTH                   *     Special Processing Unit ("SPU")
AND HUMAN SERVICES,                   *
                                      *
              Respondent.             *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald Craig Homer, Conway, Homer & Chin-Caplan, P.C., Boston, M.A., for petitioner.*
*Sarah Christina Duncan, U.S. Department of Justice, Washington, D.C., for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On March 2, 2015, Marilyn Akyuz filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"].  Petitioner alleged that as a result of a trivalent influenza ["flu"] vaccination on October 7, 2013, petitioner suffered a shoulder injury related to vaccine administration ["SIRVA"]. Petition at 1.  On September 2, 2015, a decision issued awarding compensation to petitioner based on respondent's proffer.  (ECF No. 24).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)).  In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, that material will be removed from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

On December 22, 2015, petitioner filed an application for attorneys' fees and costs. (ECF No. 31). Petitioner applied for attorneys' fees amounting to $19,754.40 and attorneys' costs amounting to $601.11 for a total award of $20,355.51. Id. at 1. In compliance with General Order #9, petitioner filed a statement indicating she incurred no out-of-pocket expenses and petitioner's counsel incurred costs of $601.11. (ECF No. 32). On January 8, 2016, respondent filed a response to petitioner's application. (ECF No. 33).

In her response, respondent indicated that although she "disagrees with the analysis and findings in McCulloch,[3] [she] has determined that her resources are not wisely used by continuing to litigate the issues addressed in that decision." Id. at 2. She further indicated she "therefore respectfully defers to the special master's statutory discretion in determining a reasonable fee award for this case." Id. Although she did not object to the number of hours billed by petitioner's counsel or to any of the requested costs, respondent added that "[n]othing contained in this response should be construed as an admission, concession, or waiver by respondent as to any of the matters raised by the instant Fee Application, including, but not limited to, the hourly rates requested, the number of hours requested, and other litigation-related costs." Id. at 2, fn. 1.

The undersigned fully agrees with the McCulloch analysis regarding appropriate hourly rates for the attorneys in the Conway, Homer, and Chin-Caplan law firm and adopts the same reasoning in this case.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's request.[4]

---

[3] McCulloch v. HHS, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015)

[4] In other cases the undersigned has reduced attorneys' fees where multiple attorneys worked on a file. Due to the overall reasonable amount of fees sought in this particular case, the undersigned will not reduce the fees. However, the practice of having multiple attorneys work on a file is discouraged, and may result in a reduction in fees in other cases.

**Accordingly, the undersigned awards the total amount of $20,355.51, as a lump sum in the form of a check payable jointly to petitioner, Marilyn Akyuz, and petitioner's counsel, Conway, Homer & Chin-Caplan, P.C.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                                                  **s/Nora Beth Dorsey**
                                                  Nora Beth Dorsey
                                                  Chief Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).